Middle District of Alabama | United States District Court
Northern Division

| | |
|---|---|
| **Cheryl Baldwin-Fielder,**<br><br>Plaintiff,<br><br>v.<br><br>**Foundever Operating Corporation,**<br><br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

1. Cheryl Baldwin-Fielder brings this complaint for damages against Foundever Operating Corporation and alleges as follows:

## STATEMENT OF JURISDICTION

2. The jurisdiction of this court is invoked pursuant to the Family and Medical Leave Act ("FMLA") as amended; 29 U.S.C. § 2615 (a)(1). The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by the FMLA against interference with family medical leave and retaliation because of family medical leave.

## PARTIES

3. Cheryl Baldwin-Fielder ("Plaintiff") is a citizen of the Middle District of Alabama and is over the age of nineteen.

4. Foundever Operating Corporation ("Defendant") is a foreign corporation that is headquartered in the State of Tennessee and at all relevant times, was and is doing business in the Middle District of Alabama.

## FACTS ALLEGED

5. Plaintiff worked full-time at the Defendant's 201 Techacenter Drive Montgomery, AL 36117 as Customer Service Representative.

6. Plaintiff was on FMLA leave from January 3, 2025 through January 15, 2025.

7. On January 14, 2025, her Supervisor, Eddie, who goes by the name Jazz, called her and advised her that she was being terminated and not to return to work on January 15, 2025.

8. Plaintiff advised Jazz that she was returning to work, and she did so.

9. Upon her return to work, Plaintiff was advised that she was being terminated for having too many "compliances". A compliance is a deficiency in an employee's work product. Defendant would not advise Plaintiff of the compliances that she had accrued and used in support of her termination. Plaintiff argues that her termination due to have too many compliances is pretextual.

10. Prior to taking FMLA leave, Plaintiff submitted all required paperwork to take FMLA leave.

11. It is Plaintiff's position that she was terminated due to her taking FMLA leave as evidenced by her termination which was communicated to her while she was on approved FMLA leave.

## CLAIMS FOR RELIEF

### COUNT ONE
**(Defendant Willfully Interfered with Plaintiff's Request for Leave in Violation of the Family and Medical Leave Act, 29 U.S.C. §2615 *et seq.*)**

12. Defendant is an "employer" subject to the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2611(4). Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto. The aforementioned definition also includes, "…any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer…" Family and Medical Leave Act, 29 U.S.C. § 2611(4) (A) (ii) (I).

13. Plaintiff is an "employee" entitled to protections under the Family and Medical Leave Act, 29 U.S.C. § 2611(2). Plaintiff worked for Defendant for at least 12 months. Plaintiff worked for the employer for at least 1,250 hours in the 12 months before she took leave. Plaintiff worked at a location where Defendant has at least 50 employees within a 75-mile radius of her worksite.

14. Defendant "interfer[ed] with, restrain[ed] and/or den[ied] Plaintiff's Family and Medical Leave Act rights, 29 U.S.C. §2615(a)(1).

15. Plaintiff's leave to treat her medical condition as described in her FMLA paperwork and medical records was a qualifying event within the meaning of the FMLA. 29 U.S.C. §2612 (12)(a)(1)(D).

16. Because Plaintiff was eligible for the protections of the FMLA, Defendant was required by 29 U.S.C. §2612-2614 to afford her family leave and restore her to her position, or to an equivalent position with equivalent benefits, pay and other terms and conditions.

17. Defendant knowingly and willfully interfered with Plaintiff's Family and Medical Leave Act rights when Jazz advised her during her approved FMLA leave that she was being terminated and not to return to work in violation of the Family and Medical Leave Act, 29 U.S.C. §2615 *et seq*.

18. Defendant also knowingly and willfully interfered with Plaintiff's Family and Medical Leave Act rights when she requested leave by stating that she was being terminated and not to return to work in violation of the Family and Medical Leave Act, 29 U.S.C §2615 *et seq*.

19. There is a causal connection between Plaintiff taking leave and Defendant's interference with Plaintiff's leave when Defendant did not restore Plaintiff to an equivalent position upon her return from FMLA due to the temporal proximity between Plaintiff's termination and taking of

leave. Defendant's adverse actions against Plaintiff occurred under circumstances that give rise to an inference of unlawful interference with Plaintiff's established rights. Plaintiff was advised that she was being terminated while she was on FMLA leave.

20. The acts committed by Defendant were outrageous, wanton, intentional, and in deliberate disregard of Plaintiff's established rights.

21. Defendant knowingly and willfully violated the Family and Medical Leave Act. Under such circumstances, Plaintiff may recover, liquidated damages as claimed as additional damages pursuant to 29 U.S.C §2617.

22. As a direct and proximate result of the unlawful acts of Defendant, Plaintiff has suffered and continues to suffer loss of back pay, lost front pay, loss of other employment benefits, liquidated damages, and interest for loss of back pay, front pay, and loss of other employment benefits.

## COUNT TWO
**(Defendant Willfully Discriminated and Retaliated Against Plaintiff's Request for Leave in Violation of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*)**

23. Defendant is an "employer" subject to the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2611(4). Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto. The aforementioned

definition also includes, "…any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer…" Family and Medical Leave Act, 29 U.S.C. § 2611(4) (A) (ii) (I).

24. Plaintiff is an "employee" entitled to protections under the Family and Medical Leave Act, 29 U.S.C. § 2611(2). Plaintiff worked for Defendant for at least 12 months. Plaintiff worked for the employer for at least 1,250 hours in the 12 months before she took leave. Plaintiff worked at a location where Defendant has at least 50 employees within a 75-mile radius of her worksite.

25. Defendant knowingly and willfully retaliated against Plaintiff for exercising her Family and Medical Leave Act rights, 29 U.S.C. §2615(a)(2).

26. Defendant knowingly and willfully retaliated against Plaintiff when they notified Plaintiff that she was being terminated from employment while she was on approved FMLA leave in violation of the Family and Medical Leave Act, 29 U.S.C. §2615(a)(2).

27. There is a causal connection between Plaintiff's taking leave and Defendant's retaliation against Plaintiff when Defendant did not restore Plaintiff to an equivalent position upon her return from FMLA leave due to the temporal proximity between Plaintiff's termination and taking of leave, Defendant's adverse actions against Plaintiff occurred under circumstances that give rise to an inference of unlawful retaliation.

Plaintiff was terminated the same day that she returned from approved FMLA leave.

28. The acts committed by Defendant were willful, outrageous, wanton, intentional, and in deliberate disregard of Plaintiff's established rights.

29. Defendant knowingly and willfully violated the Family and Medical Leave Act. Under such circumstances, Plaintiff may recover, liquidated damages as claimed as additional damages pursuant to 29 U.S.C §2617.

30. As a direct and proximate result of the unlawful acts of Defendant, Plaintiff has suffered and continues to suffer loss of back pay, lost front pay, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, loss of dignity, and great expense, including damage to career.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the following relief:

A. Grant Plaintiff an order requiring Defendants to make Plaintiff whole by granting appropriate declaratory relief, back pay, front pay, liquidated damages; and

B. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert therewith from continuing to violate the civil rights laws.

C. Plaintiff prays for attorney fees and such other and further, different or additional relief as justice may require.

Respectfully submitted on: April 1, 2025

By:

/s/ Ramon Martin
Ramon Martin (ASB-1597-X69W)

Of Counsel:

The Justice Law Firm, LLC
505 20th Street N.
Suite 1220 - 1157
Birmingham, AL 35203
T: 205-983-2017
E: Ramon.Martin@LegalJusticeMatters.com